UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRIANA COBOS,                            §
*Plaintiff*                              §
                                         §
                                         §
v.                                       §        Case No.  SA-24-CA-01470-XR
                                         §
PETE    HEGSETH,    SECRETARY,           §
DEPARTMENT  OF  DEFENSE;  AND            §
FRANK  R.  KENDALL,  SECRETARY,          §
DEPARTMENT OF THE AIR FORCE;             §
*Defendants*                             §

### ORDER DENYING RECONSIDERATION AND CERTIFICATION FOR INTERLOCUTORY APPEAL

On this date, the Court considered Plaintiff Briana Cobos's Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Appeal (ECF No. 55).    After careful consideration, the Motion is **DENIED.**

### BACKGROUND

Plaintiff Briana Cobos worked as a Research Director under a contract between Defendants Decypher Technologies, LTD.; Pete Hegseth, Secretary of the Department of Defense, Defense Health Agency ("DHA"); and Troy Meinck, Secretary of the Air Force (the "Air Force").  ECF No. 48 ¶ 44.

Cobos alleges that she has multiple disabilities that substantially limit her daily life activities.  ECF No. 48 ¶¶ 61–62.  After resigning from her Research Director position, she sued claiming that each defendant had violated different but overlapping anti-discrimination statutes. Cobos argued that, under those statutes, each defendant was liable for: (1) creating a hostile work environment based on Cobos's disabilities, (2) creating a hostile work environment in retaliation for protected activities, (3) constructive discharge based on Cobos's disabilities, (4) constructive

1

discharge in retaliation for protected activities, and (5) failure to accommodate Cobos's disabilities. Relevant here, Cobos's claims against DHA were under Sections 501 and 504 of the Rehabilitation Act.

On November 10, 2025, the Court dismissed all claims against the Air Force and most claims against the other defendants. *Cobos v. Decypher Techs., Ltd.*, No. SA-24-CA-01470-XR, 2025 WL 3215364 (W.D. Tex. Nov. 10, 2025). As to DHA, Cobos's only remaining claim was for failure to accommodate under Section 501 of the Rehabilitation Act. *Id.* at 17.

Plaintiff moves for reconsideration of the November Order insofar as it dismissed her constructive discharge claims. ECF No. 55. In the alternative, she asks the Court to certify the Order for interlocutory appeal. *Id.* Cobos does not ask the Court to reconsider its dismissal of the Section 504 claims against DHA or its dismissal of the Air Force as a defendant. *See* ECF No. 55. And after Cobos filed the Motion for Reconsideration, she and Decypher settled; they filed a joint stipulation of dismissal on April 3, 2026. ECF No. 75. So the only claims at issue here are those against DHA under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791.

## DISCUSSION

### I.    Reconsideration

Cobos first asks the Court to reconsider its dismissal of her constructive discharge claims. Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (alterations in original) (quoting FED. R. CIV. P. 54(b)). Under this Rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence

of new evidence or an intervening change in or clarification of the substantive law." *Id.* Cobos's arguments for reconsideration lack merit.

    a.  <u>The Court Considered Defendants' Alleged Failure to Accommodate in its Constructive Discharge Analysis</u>

Cobos's primary objection to the November Order is that the Court did not "appropriately consider" Defendants' alleged failure to provide reasonable accommodations in its constructive discharge analysis. That is inaccurate.

Before addressing Cobos's constructive discharge claims, the Court considered her disability-based harassment claims. In the harassment analysis, the Court stated that it saw "no reason to artificially restrict 'hostile work environment' claims to categorically exclude denials of reasonable accommodations." *Id.* For that proposition, it cited a case and included a parenthetical reading "finding sufficient evidence of *constructive discharge* based on a failure to accommodate." *Id.* (emphasis added) (citing *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1109 (6th Cir. 2008)). The Court then held that Cobos had "not pleaded facts suggesting that DHA's refusal to [provide her requested accommodations] goes beyond" a "disagreement with an employer over terms of employment or an accommodation." *Id.* The Fifth Circuit has held that such a disagreement "do[es] not amount to harassment." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 585 (5th Cir. 2020). The Court thus considered Defendants' alleged failure to accommodate in its disability-based hostile environment analysis; it just found that, even considering that failure, Cobos did not adequately plead harassment.

The Court then dismissed her constructive discharge claims because "[c]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim." *Cobos*, 2025 WL 3215364, at *11. That is to say, the Court dismissed Cobos's

constructive discharge claims because she had not alleged harassment sufficiently severe or pervasive to state a hostile environment claim.

Although the Court did not directly mention the alleged lack of accommodations in its constructive discharge discussion, that discussion relied on the earlier harassment analysis, which did consider the lack of accommodations. So Cobos's assertion that the Court "did not appropriately consider the" effects of the purported failure to accommodate on her constructive discharge claim is incorrect.

    b.  The Court Did Not "Limit its Analysis" to Five Factors, as Opposed to the Totality of the Circumstances

Cobos's claim that the Court "appeared to limit its analysis" to five specific factors, as opposed to the totality of the circumstances, is similarly inaccurate. Again, the Court's constructive discharge analysis incorporated its harassment analysis. And in the harassment section, the Court considered the totality of the circumstances, including monitoring, micromanagement, particular incidents described in Cobos's complaint, and denial of accommodations. *Cobos*, 2025 WL 3215364, at *9–11.

    c.  The Court's Reliance on Decisions Involving Other Anti-Discrimination Laws Was Proper

Cobos also objects to the November Order's reliance on decisions involving anti-discrimination laws applicable outside the context of disability discrimination, such as Title VII. But "the anti-discrimination acts have been subjected to similar analysis." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 234 (5th Cir. 2001). Indeed, disability-based harassment claims are "modeled after the similar claim under Title VII." *Id.* And harassment claims are closely related to constructive discharge claims. *See Equal Employment Opportunity Comm'n v. U.S. Drug Mart, Inc.*, No. 23-50075, 2024 WL 64766, at *2 (5th Cir. Jan. 5, 2024)

(characterizing hostile work environment claims as "lesser included component[s]" of constructive discharge claims).  Reliance on precedent involving other anti-discrimination laws was proper.

    d.  <u>Binding Precedent Required the Court to Rely on its Harassment Holding to Dismiss Cobos's Constructive Discharge Claims</u>

Finally, Cobos argues that the Court should not have based its dismissal of her constructive discharge claims on its holding that she had failed to state a hostile work environment claim.  But the Fifth Circuit has explicitly held that "[c]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim."  *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001).  To the extent Cobos argues that the standard should be different in the disability context, the Court reiterates that reliance on cases involving other anti-discrimination laws is proper in this context.  Further, the Fifth Circuit has recognized *in a disability case—* though a nonbinding one—that "[a] valid hostile work environment claim is a 'lesser included component' of the '*graver*' constructive discharge claim."  *See U.S. Drug Mart, Inc.*, 2024 WL 64766, at *2 (emphasis in original) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 149 (2004)).

Cobos's critiques of the November Order are unavailing.  The Motion for Reconsideration is **DENIED.**

## II.    **Certification for Interlocutory Appeal**

Cobos requests in the alternative that the Court certify the dismissal of her constructive discharge claims for interlocutory appeal under 28 U.S.C. § 1292(b).  "A party generally may not appeal an issue in a case until a final decision has been rendered. . . . However, a trial court may certify an interlocutory issue for appeal prior to the issuance of a final decision."  *Hernandez v. Pritchard Indus. (Sw.), LLC*, No. SA-20-CV-00508-XR, 2021 WL 1947879, at *1 (W.D. Tex. May 14, 2021).  For the Court to do so, the movant "must convince the Court that [its] order involved (1) a controlling question of law, (2) that there is substantial ground for difference of

opinion about the question of law, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Cervini v. Cisneros*, No. 1:21-CV-565-RP, 2023 WL 6882769, at *3 (W.D. Tex. Oct. 18, 2023). "All three of these criteria must be met for an order to properly be certified for interlocutory appeal." *Id.* And "[t]ypically, interlocutory review is reserved for "exceptional" cases." *Id.*

The Court declines to certify its dismissal of the constructive discharge claims for interlocutory appeal. As described above, many of Cobos's critiques of the November Order are simply incorrect. She argues that the Court should have considered Defendants' alleged failure to accommodate in deciding the constructive discharge claims. The Court did so. She argues that the Court should not have limited its analysis to five particular factors. The Court did not limit its analysis as she claims it did. At least as to those issues, Cobos "disagree[s] over the application of the controlling law, not . . . the controlling law itself." *Hernandez*, 2021 WL 1947879, at *2.

Insofar as Cobos identifies disagreements regarding "the controlling law itself," there is no "substantial ground for difference of opinion."

> Courts have found a substantial ground for a difference of opinion where: "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue"; a split among the circuits is presented and the relevant circuit's Court of Appeals has not ruled on the issue; "complicated questions arise under foreign law"; or, "novel and difficult questions of first impression are presented."

*Fed. Trade Comm'n ex rel. Yost v. Educare Ctr. Servs., Inc.*, No. EP-19-CV-196-KC, 2020 WL 4334955, at *2 (W.D. Tex. Jan. 21, 2020) (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006)). No such circumstances are present here. As outlined above, the November Order's constructive discharge and hostile environment analysis relied on straightforward, generally binding precedent. Plaintiff might disagree with the Court's application

of that precedent, but a "party's claim that a district court has ruled incorrectly" does not "demonstrate a substantial disagreement." *Ryan*, 444 F. Supp. 2d at 724.

Because Cobos has not shown a "controlling issue of law" about which there is "substantial ground for difference of opinion," the Court need not consider whether certification would "materially advance the ultimate termination of the litigation." Cobos's request for certification for interlocutory appeal is **DENIED.**

### III.    Request for a Stay

Plaintiff requested a stay pending a ruling on this motion.  That request is now **MOOT.**

### CONCLUSION

For the foregoing reasons, Cobos's Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Appeal (ECF No. 55) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 29th day of April, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE